# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY J. CHAMBERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF SOCIAL )<br>SECURITY ADMINISTRATION, )<br>)<br>Defendant. ) | Case No.: 3:05-cv-827-DGW |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition for Revocation of the Commissioner's Decision Denying Benefits (entitled "Plaintiff's Brief") filed by Betty J. Chambers ("Plaintiff") on January 8, 2007 (Doc. 21). For the reasons set forth below, Plaintiff's petition is **DENIED** and this case is **DISMISSED**.

## I. FACTUAL BACKGROUND

### A. PROCEDURAL HISTORY

On June 22, 1999, Plaintiff filed an application requesting supplemental security income benefits alleging that she became disabled on September 30, 1998 (Tr. 88). An Administrative Law Judge ("ALJ") denied Plaintiff's application on June 12, 2000. The Appeals Council denied review of the ALJ's decision on April 12, 2002. Because no appeal was taken to a United States District Court, the ALJ's decision became the final decision of the Commissioner (Tr. 88).

On December 6, 2002, Plaintiff filed the present application for Disability Insurance Benefits under the Social Security Act alleging the same disability onset date of September 30, 1998 (Tr. 301). This application was denied initially and upon reconsideration. On May 8, 2003, an ALJ dismissed Plaintiff's application without a hearing because he found that the prior

denial of benefits defeated her current application based upon the doctrine of res judicata (Tr. 88-89). The Appeals Council reviewed the ALJ's dismissal and found that the ALJ had misapplied the doctrine of res judicata. The Appeals Council remanded the case and ordered the ALJ to provide Plaintiff with a hearing and to make a written determination on the merits of her case (Tr. 94-95).

A hearing was held on April 22, 2004. Plaintiff appeared with counsel and testified at the hearing, as did a vocational expert, Dr. Darrell Taylor (Tr. 433-468). On June 2, 2004, the ALJ entered a written decision denying Plaintiff benefits and concluding that Plaintiff could perform her past relevant work as a cook, delicatessen worker, retail salesperson, or seed sorter, and finding, therefore, that she was not disabled under the statute (Tr. 301-308).

The Appeals Council granted Plaintiff's request for review of the ALJ's decision on February 18, 2005 (Tr. 388-391). The Appeals Council informed Plaintiff that although it did not agree with all of the ALJ's findings, it intended to find her not disabled because she could perform has past relevant work as a corn sorter (Tr. 388). The Appeals Council offered her the opportunity to provide additional evidence about her disability prior to September 30, 1999 (Tr. 389). The record indicates that Plaintiff provided additional evidence to the Appeals Council, but that evidenced pertained to Plaintiff's medical condition in 2005 and was, therefore, deemed not relevant to Plaintiff's medical condition as of the date last insured.

On June 17, 2005, the Appeals Council issued its decision denying Plaintiff benefits finding that she could perform her past work as a corn sorter and was therefore not disabled under the statute (Tr. 11-14). Plaintiff now seeks judicial review of the Agency's final decision pursuant to 42 U.S.C. § 405(g).

B.   **SUBSTANTIVE HISTORY**

   1.   **Claimants History**

Plaintiff is a sixty-one-year-old individual who has a high school education. She has past work experience as a seed sorter, delicatessen worker, a cook, and a retail salesperson. She alleges that she became disabled as of September 30, 1998, due to physical ailments which include arthritis, diabetes, and broken ankles. She also alleges that she became disabled on that same date due to depression. She was insured for disability benefits through September 30, 1999.

   2.   **The April 2004 Hearing**

At the hearing before the ALJ on April 22, 2004, Plaintiff was represented by counsel and testified in support of her claim (Tr. 433-68). Plaintiff was fifty-seven at the time of the hearing (Tr. 437). She testified she had twelve years of education and had no problems with reading, spelling, or general math (Tr. 438). The ALJ explained to Plaintiff that he needed to obtain information from her regarding her work experience for the fifteen years preceding her date last insured so that he could make a determination whether she was capable of performing past work (Tr. 438-39). He informed Plaintiff that if he made a determination that she could not perform any of her past work, he would then seek the testimony of a vocational expert, Dr. Darrell Taylor, who would testify on other jobs she might be able to perform, despite her limitations (Tr. 439).

Plaintiff testified that between 1986 and 1989 she worked as a cook at a fast food restaurant where she waited on customers and prepared orders (Tr. 439-40). In that job, she was required to lift at most a gallon of vegetable soup (Tr. 440-41). In 1989, Plaintiff worked at a

turkey factory taping boxes. She testified that the most she was required to lift in that job was two or three pounds (Tr. 441-42). Plaintiff later worked at a Dollar General Store; in that position she was required to unload trucks, and estimated that she was required to lift up to fifteen pounds (Tr. 442-43). Plaintiff testified that between 1993 and 1995 she worked in a delicatessen waiting on customers, slicing meats, and making salads. The most she was required to lift in that job was ten pounds (Tr. 443).

The ALJ determined that Plaintiff's alleged disability onset date was September 30, 1998 (Tr. 445). Plaintiff testified that at that time, she experienced depression that had continually worsened over the years (Tr. 446). She testified that her depression caused her difficulty with concentration and memory (Tr. 446). She testified that she was prescribed many medications to control her depression and that each new medication worked for a while, but eventually stopped working and she then had to begin a new medication (Tr. 446).

### 3. The ALJ's decision

Following the April 22, 2004, hearing, the ALJ issued an opinion finding that Plaintiff (1) was insured for benefits through September 30, 1999; (2) had not engaged in substantial gainful activity since the alleged onset of disability; (3) suffered from the "severe" impairments of diabetes mellitus and depression under 20 C.F.R. § 404.1520(c), but that these impairments do not meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4; (4) was not fully credible regarding her alleged limitations; (5) retained the residual functional capacity to perform a full range of light work or work that requires lifting and carry

10 pounds frequently and 20 pounds occasionally with no significant limitations in her ability to walk, stand, or occasionally stoop; (6) was not precluded by her residual functional capacity from performing her past relevant work as a cook, delicatessen worker, cashier, and seed sorter, (7) was not precluded by her medically determinable diabetes mellitus and depression from performing her past relevant work; and (8) was not, therefore, under a "disability" as defined in the Social Security Act at any time through her date last insured (Tr. 307-08).

### 4. The Appeals Council's Review

Plaintiff appealed the ALJ's decision, and the Appeals Council granted review. The Appeals Council found that Plaintiff was not disabled, but its reasons for so finding were different from those of the ALJ. The Appeals Council agreed with the ALJ's findings that the claimant had not engaged in substantial gainful activity during the relevant period, and that the claimant suffered from the severe impairment of depression, which did not meet or equal a listed impairment. The Appeals Council disagreed with the ALJ's finding that Plaintiff suffered form a severe physical impairment. The Appeals Council found that during the relevant time period, Plaintiff's diabetes was controlled by oral medications, and that she did not suffer significant secondary complications thereto (Tr. 11-14).

The Appeals Council concluded that Plaintiff (1) had not engaged in substantial gainful activity since the alleged onset of disability, (2) had the severe impairment of depression, but does not suffer from a listed impairment or an impairment medically equal to a listed impairment, (3) could perform simple tasks not involving extended periods of concentration, (4) was not fully credible regarding her complaints, (5) was not precluded by her limitations from performing her past relevant work as a corn sorter, and (6) was, accordingly, not disabled as defined by the Social Security Act during the relevant period.

## II. LEGAL STANDARDS

A. **LEGAL STANDARDS UNDER THE SOCIAL SECURITY ACT**

Disability insurance benefits are available only to those individuals who can establish "disability" under the terms of the Social Security Act. The claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A).

The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing a disability. 20 C.F.R. § 416.920. The ALJ must first consider whether the claimant is presently employed or "engaged in substantial gainful activity." 20 § C.F.R. 416.920(b). If she is, the claimant is not disabled and the evaluation process is over; if she is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments which "significantly limits . . . physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. 20 C.F.R. § 416.920(d). If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. Id. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" ("RFC") and the physical and mental demands of her past work. 20 C.F.R. § 416.920(e). If, at this fourth step, the claimant can perform her past relevant work, she will be found not disabled. 20 C.F.R. § 416.920(f).

If, however, the claimant shows at this fourth step that her impairment is so severe that she is unable to engage in her past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, in light of her age, education, job experience, and functional capacity to work, is capable of performing other work and that such work exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § 416.920(g). The burden does not shift to the Commissioner until the Plaintiff has shown that she cannot perform past relevant work Young v. Barnhart, 282 F.Supp.2d 890, 895 (N.D. IL 2003) ("And if a disability determination reaches step five, the ALJ must discharge Commissioner's burden of proof either by applying the Medical Vocational Guidelines or through use of a vocational expert."(emphasis supplied)).

**B.     LEGAL STANDARD OF REVIEW ON APPEAL**

This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); Steele v. Barnhart, 290 F.3d 936, 940 (7th Cir.2002). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Diaz v. Chater, 55 F.3d 300, 305 (7th Cir.1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In considering the entire administrative record, the Court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner." Clifford v. Apfel, 227 F.3d 863, 869 (7th Cir.2000). The Court must "conduct a critical review of the evidence and will not let the Commissioner's decision stand if it lacks evidentiary support or an adequate discussion of the issues." Jones v. Barnhart, 2008 WL 802263 (N.D. IL 2008) (internal quotations omitted) (citing Lopez v. Barnhart, 336 F.3d 535, 539 (7th Cir.2003)).

The ALJ "must build an accurate and logical bridge from the evidence to conclusions," but need not discuss every piece of evidence in the record. Dixon v. Massanari, 270 F.3d 1171, 1176 (7th Cir.2001). What is required is that "the ALJ sufficiently articulate his assessment of the evidence to assure [the Court] that the ALJ considered the important evidence and to enable us to trace the path of the ALJ's reasoning." Carlson v. Shalala, 999 F.2d 180, 181(7th Cir. 1993) (internal quotations omitted). That is, the ALJ has a duty to develop a "full and fair record." Howell v. Sullivan, 950 F.2d 343, 346 (7th Cir. 1991). However, "the claimant bears the burden of supplying adequate records and evidence to prove their claim of disability." Scheck v. Barnhart, 357 F.3d 697, 702 (2004); see also 20 C.F.R. § 404.1512(c) ("In general, you have to prove to us that you are blind or disabled . . . This means you must furnish medical and other evidence that we can use to reach conclusions about your [impairments and ability to work].").

### III. DISCUSSION

The issue raised by Plaintiff on this appeal is a narrow one. Plaintiff asserts that the Appeals Council failed to support with substantial evidence its determination that Plaintiff could do her past relevant work because the vocational expert was not asked an appropriate hypothetical question.[1] Defendant contends that the ALJ did not have to ask any particular questions of the vocational expert because the burden was on Plaintiff to show that the performance of her past relevant work was precluded by her limitations.

---

[1] Plaintiff also contends that there is no substantial evidence to support a finding that Plaintiff could perform work that exists in significant numbers in the national economy because the vocational expert was not asked an appropriate hypothetical question. Because the Court finds that the Appeals Council did not err in deciding that Plaintiff was not disabled since she could perform her past relevant work, there is no need to reach this question.

Plaintiff does not dispute that appeal the Appeals Council's finding that Plaintiff's mental impairment was only limited to performing tasks requiring extended period of concentration and to work involving simple tasks. Rather, Plaintiff asserts that the vocational expert was never asked a hypothetical question regarding a claimant that is limited to performing simple tasks not involving extended periods of concentration. Plaintiff further asserts, "The ALJ never questioned the [vocational expert] and there is no evidence in the record pertaining to whether or not an individual who is limited to simple tasks not involving extended periods of concentration could do Ms. Chambers' past relevant work."(Doc. 21 at 8-9).

Plaintiff's argument is fundamentally flawed in that, as her own brief states, the claimant bears the burden of proof at the fourth step of the five-step evaluative process. Only if Plaintiff meets her burden, at step four, to demonstrates that her impairment is so severe that she cannot perform her past relevant work, does the burden shift to the commissioner at step five. Young, 282 F.Supp.2d at 895. Plaintiff admits that "there is no evidence in the record pertaining to whether or not an individual who is limited to simple tasks not involving extended periods of concentration could do Ms. Chambers' past relevant work." (Doc. 21 at 8-9). Yet it was Plaintiff's burden to provide evidence that she could not do her past relevant work at step four, or she would, appropriately, be found not disabled. There is no requirement that the ALJ provide a vocational expert where the finding is made at step four that Plaintiff could do her past relevant work.

The only case cited by Plaintiff in support of his position that it was error for the ALJ to not include the claimant's deficiencies in concentration in his hypothetical to the vocational expert is Jones v. Barnhart, 189 F.Supp.2d 806 (N.D. IL 2002). While only persuasive authority,

the Jones case is not persuasive here. In Jones, the Court determined that the ALJ erred at step four in finding that the claimant could not perform her past relevant work. Accordingly, the ALJ erred in that case because the burden had shifted to the commissioner to show that the claimant was capable of performing other work that exists in significant numbers in the national economy. Here, the burden did not shift. Jones is, therefore, inapplicable to the case at bar. For all of these reasons, Plaintiff's appeal is without merit.

Although the Court's determination above is dispositive of this appeal, the Court finds it prudent to briefly address an issue tangentially mentioned in Plaintiff's brief, even though it was not argued as a basis of appeal. Plaintiff states in his brief, "Questions of due process arise when the ALJ stops the hearing and fails to accord the claimant a full and fair hearing." (Doc. 21 at 8). Plaintiff asserts that she did not question the vocational expert during the April 22, 2004, hearing because the ALJ stopped the vocational expert from testifying and told her counsel, "I'm going to grant your case." (Tr. 467). Although the Court has not been offered an explanation of why the ALJ in the April 22, 2004, hearing stated he would grant Plaintiff's case and then came out the other way when his written opinion was issued, the Court is convinced, for the reasons stated below, that if Plaintiff meant to raise due process issue on appeal, the determination of the Appeals Council must be affirmed.

While the Court does not offer an explanation as to why the ALJ said he would grant Plaintiff's case and then issued an unfavorable opinion, any due process deficiency was corrected when the Appeals Counsel granted Plaintiff's appeal and extended Plaintiff an additional opportunity to present evidence relating to Plaintiff's medical condition prior to her date last insured, which was in 1999. The Appeals Council stated that it had received additional

evidence from Plaintiff, but that none of it was relevant since the documentation received only related to events occurring in 2005, approximately six years past Plaintiff's date last insured. Because neither the ALJ or the Appeals Counsel was required to provide a vocational expert given their determination at step four that Plaintiff could perform her past relevant work, there was no need to provide a vocational expert. Plaintiff could have, of course, provided evidence to the Appeals Council demonstrating that she could not perform her past relevant work, but there is no evidence in the record to suggest that she did. Further, nowhere in her brief does Plaintiff allege that she could not perform her past relevant work. Accordingly, any due process deficiency that might have existed at the ALJ stage was cured when the Appeals Counsel gave additional time to submit evidence before issuing its written opinion.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Petition is **DENIED** and the case **DISMISSED.**

**DATED: March 31, 2008**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**